UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH AND WELFARE FUND, WESTERN GLAZIERS RETIREMENT TRUST FUND, and WESTERN WASHINGTON APPRENTICESHIP AND TRAINING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SASHCO SECURITY, INC., a California corporation,<br><br>Defendant. | CASE NO. C10-395RSM<br><br>ORDER DENYING MOTOIN FOR SUMMARY JUDGMENT |

Plaintiffs Employee Painters' Trust Health and Welfare Fund, Western Glaziers Retirement Trust fund, and Western Washington apprenticeship and Training Trust (together, "the Trusts") filed this action for breach of a collecting bargaining agreement. They contend that defendant Sashco Security, Inc., failed to pay contributions to employee benefit trust funds created pursuant to §302(c)(5) of the Labor-Management Relations Act (the Act), 29 U.S.C. §186(c)(5). Defendant was the employer on a window installation project at Fort Lewis, Washington in 2007-2008, and bound by a collective bargaining agreement.

Defendant has moved for summary judgment, contending that undisputed evidence demonstrates that two of the three employees for which plaintiffs seek contributions were supervisors on the project and exempt from the contribution requirement under the collective bargaining agreement. Dkt. # 17. Defendant further contends that all three employees were non-union workers hired only after the union failed to provide qualified workers for the project, and by Letter of Understanding the union had waived benefits as to such employees.

In opposition to summary judgment, plaintiffs assert that (1) the three employees discussed by defendant were not the only employees on the project for whom defendant failed to make contributions; (2) defendant's designation of two of the three as "supervisors" not subject to the collective bargaining agreement is contradicted by various documents in the record and thus presents a factual issue; and (3) there are also factual issues with respect to whether defendant complied with the terms of the Letter of Understanding in hiring non-union employees. Plaintiffs have presented evidence to support all three of these assertions. Declaration of Melissa Boss, Dkt. # 20. Defendant did not reply to contest plaintiffs' assertions.

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Plaintiffs have properly opposed defendant's motion by showing that defendants' cited materials do not establish the absence of a genuine dispute. Fed.R.Civ.P. 56(c)(1)(B). The motion for summary judgment (Dkt. # 18) is accordingly DENIED

Dated June 7, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE